Filing # 108794365 E-Filed 06/12/2020 01:23:26 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL DISTRICT
## IN AND FOR ORANGE COUNTY, FLORIDA
## CIVIL DIVISION

MARTIN FLOWERS,

    Plaintiff,

-vs-                                            Case Number:

RAM TOOL & SUPPLY CO INC.,

    Defendant.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, MARTIN FLOWERS (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendant, RAM TOOL & SUPPLY CO INC., (hereinafter "Defendant"), and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), exclusive of interest, costs, and attorneys' fees.

2. Defendant is construction and builder supply company that supplies building materials to construction companies throughout the United States.

3. Defendant employs more than 50 employees.

4. At all times material to this action, Defendant was an incorporated business entity licensed to do business in Orange County, Florida.

5. At all times material to this action, Defendant was a business entity licensed and conducting business within Orange County, Florida.

6. At all times material to this action, Defendant employed Plaintiff through its Orange County, Florida facility and Plaintiff performed related services for Defendant in Orange County, Florida.

7. Venue and jurisdiction in Orange County, Florida are appropriate because Defendant is headquartered in Orange County, Florida and availed itself of the benefits and privileges of Hillsborough County, Florida.

8. Plaintiff has retained Lee Law, PLLC to represent his interests in this action.

9. Plaintiff has completed all required prerequisites before the filing of this action.

## GENERAL ALLEGATIONS

10. In April 2019, Defendant hired Plaintiff as a delivery driver in Defendant's organization.

11. While employed as a driver, Plaintiff did not take lunch breaks due to the nature of his work/delivery schedule.

12. Thus, Plaintiff regularly and routinely worked through his lunch breaks.

13. Despite not taking lunch breaks, Defendant automatically deducted lunch breaks from Plaintiff's timesheets and did not pay Plaintiff for the "lunch breaks."

14. The result was that Plaintiff was not actually paid for all the hours he spent working.

15. Defendant was aware that Plaintiff did not actually take lunch breaks but willfully deducted time from Plaintiff's timesheet in an effort to save money and extract more work from Plaintiff.

16. Many of the hours deducted from Plaintiff's timesheets constitute overtime hours for which Plaintiff should have been paid at a rate of one-and-one-half times his regular rate.

17. In July 2019, Plaintiff changed positions within Defendant's organization and became an "expediter."

18. As an expediter, Plaintiff loaded delivery trucks, created delivery paperwork, and prepared delivery routes for drivers.

19. On or about November 2019, Defendant assigned Carlos Cruz as Plaintiff's manager.

20. Mr. Cruz immediately began violating laws, rules and regulations promulgated by OSHA, Department of Transportation, Department of Labor.

21. Beginning in December 2019, Plaintiff routinely complained about Mr. Cruz's violation of laws, rules, and regulations promulgated by OSHA, Department of Transportation, and the Department of Labor.

22. Plaintiff continued to complain about Mr. Cruz's violation of laws, rules, and regulations promulgated by OSHA, Department of Transportation, and the Department of Labor until Plaintiff's termination in May 2020.

23. During Plaintiff's employment, Mr. Cruz ordered Defendant's drivers to falsify their timesheets in order to save money.

24. Specifically, Mr. Cruz ordered Defendant's drivers to sign forms each day indicating that the driver had taken an unpaid lunch when in fact the drivers had not taken a lunch break.

25. Mr. Cruz was aware that Defendant's drivers did not take a lunch, but Mr. Cruz wanted to save Defendant money and avoid litigation.

26. Plaintiff objected to Mr. Cruz's intentional violation of 29 U.S.C. §§ 206 and 207.

27. Prior to making his complaints to Defendant, Plaintiff was an employee in good standing without any disciplinary history.

28. After making complaints to Defendant about violations of laws, rules, and regulations, Mr. Cruz immediately retaliated against Plaintiff by erroneously accusing Plaintiff of being late to work even though Plaintiff was on time, according to company policy.

29. Prior to Plaintiff making his complaints, Plaintiff had not been disciplined for tardiness. However, after Plaintiff raised his complaints and objections to Mr. Cruz's violation of laws, rules, and regulations, Plaintiff was disciplined for tardiness by Mr. Cruz.

30. Specifically, Defendant's policy allows employees to begin work up to 15 minutes after the employee's scheduled start time without being considered late.

31. Even though Plaintiff regularly began work within 5 minutes of his start time, Mr. Cruz disciplined Plaintiff for starting work several minutes after his start time.

32. Plaintiff contacted Defendant's human resources department to complain about Mr. Cruz's harassing behavior and Plaintiff was informed by "John Faure" that Defendant's policy is that employees are not considered late until more than fifteen (15) minutes after their scheduled start time.

33. Despite Defendant's policy, Mr. Cruz terminated Plaintiff on the false pretense that Plaintiff was "late."

34. In reality, Mr. Cruz terminate Plaintiff's employment because he raised numerous complaints and objections about Mr. Cruz violations of laws, rules, and regulations.

35. By terminating Plaintiff's employment, Mr. Cruz would be free to continue to violate laws, rules, and regulations without objection.

## COUNT I – RECOVERY OF UNPAID OVERTIME WAGES

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35, above.

37. Plaintiff was employed by Defendants and was, at all times, protected by the FLSA.

38. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

39. Defendants engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

40. Plaintiff was damaged as a result of Defendants' failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

41. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

42. Plaintiffs demand a trial by jury.

## COUNT II. RETALIATION IN VIOLATION OF THE FLSA

43. The allegations of paragraphs 1 through 35 as set forth above are re-alleged in full and incorporated herein by reference.

44. Plaintiff was employed by Defendant as a manual laborer.

45. Defendant, by and through its field supervisor Mr. Cruz, ordered Plaintiff and other employees to violate laws, rules, and regulations including, but not limited to, 29 U.S.C. §§ 206 and 207.

46. Defendant ordered employees to falsify their timesheets is a violation of 29 U.S.C. §§ 206 and 207.

47. Plaintiff objected to Defendant's illegal orders, demands, and practices on numerous occasion.

48. Mr. Cruz was enraged by Plaintiff's objections and terminated Plaintiff because of his complaints and objections.

49. Plaintiff was damaged as a result of Defendant's decision to terminate his employment because he objected to Defendant's illegal policies, procedures, and activities.

### DEMAND FOR JURY TRIAL

**WHEREFORE,** the Plaintiff, Martin Flowers, requests an award of damages against the Defendant, Ram Tool Construction Supply, Inc.., including back pay, front pay, compensatory damages, punitive damages, attorney's fees, court costs, and interest, as provided for in Fla. Stat. § **448.102 and the Fair Labor Standards Act**, as well as other such relief this Court deems proper.

RESPECTFULLY submitted this 12th day of June 2020.

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Facsimile: (813) 343-2813
Kyle@KyleLeeLaw.com